IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IP FORENSICS, LLC | § | |
| | § | |
| *Plaintiff and Relator for the,* | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:10-cv-672 |
| v. | § | |
| | § | JURY DEMANDED |
| | § | |
| MICROPLANE DIRECT LLC; AND | § | |
| GRACE MANUFACTURING INC. | § | |
| | § | |
| *Defendant.* | § | |

**COMPLAINT FOR FALSE PATENT MARKING**

IP FORENSICS, LLC, ("Plaintiff") brings this action for false patent marking against MICROPLANE DIRECT LLC and GRACE MANUFACTURING INC., (collectively "Defendant") as follows:

This is an action under Title 35, Section 292 of the United States Code for false patent marking, brought on behalf of the United States of America, which pursuant to statute will share in any award.

**I.    THE PARTIES**

1.    Plaintiff IP FORENSICS, LLC, is a limited liability company duly organized in Texas and having a correspondence address at P.O. Box 863656, Plano, Texas 75086.

2.     Upon information and belief, GRACE MANUFACTURING INC. is, and at all relevant times mentioned herein was, an Arkansas corporation having a place of business at, 614 SR 247, Russellville, AR 72802.

3.     Upon information and belief, MICROPLANE DIRECT LLC is, and at all relevant times mentioned herein was, an Arkansas limited liability company having a place of business at, 614 SR 247, Russellville, AR 72802, and is/was an alter ego and/or wholly owned subsidiary of GRACE MANUFACTURING INC.

## II.     JURISDICTION AND VENUE

4.     This is an action for false patent marking arising under the patent laws of the United States, Title 35, United States Code, specifically, under Title 35, Section 292 of the United States Code.  The Court's jurisdiction is proper under the above statutes, and 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over the Defendant. The Defendant has conducted and does conduct business within the State of Texas. The Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and sells its products in the United States, the State of Texas, and the Eastern District of Texas. The Defendant has purposefully and voluntarily placed a plurality of its falsely marked products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These falsely marked products have been and continued to be purchased by consumers in the Eastern District of Texas. The Defendant has committed the offense of false patent marking within the State of Texas and, more particularly, within the Eastern District of Texas.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b, c), and 28 U.S.C. § 1395(a) because, at least in part, Defendant's products, the subject matter of this cause of action, have in the past been offered for sale and sold in this District, and are presently being offered for sale and sold in this District. Upon information and belief, such sales and offers to sell by Defendant are substantial, ongoing, and systematic.

### IV. DEFENDANTS' FALSELY MARKED PRODUCTS

7. The Defendant has in the past marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) at least the following of its products, importing the same are patented, for the purpose of deceiving the public by marking them with the number of expired patent, 5,100,506. (Exhibit A):

"Box Grater";

"Specialty Series Ultimate Citrus Tool";

"Premium Classic Series Medium Ribbon Grater";

"Classic Series Zester/Grater"

"Home Series Fine Grater";

"Home Series Coarse Grater";

"Nutmeg grate-n-shake";

(Exhibit B).

8. Upon information and belief, the Defendant has demonstrated a pattern of repeated false marking offenses, which will be further evidenced in these proceedings.

### V. CAUSE OF ACTION FOR FALSE PATENT MARKING

9. Plaintiff incorporates by reference, repeats, and re-alleges the content of the above paragraphs as though fully set forth herein.

10. All monopoly rights in a patent terminate completely and irretrievably upon expiration of the patent.

11. Upon information and belief, the Defendant has many years of experience in applying for, acquiring, and maintaining patent rights and other intellectual property rights.

12. Upon information and belief, the Defendant has many years of experience marking (or causing to be marked) goods sold and offered for sale with pertinent, or potentially pertinent, patent numbers and/or patent pendency.

13. Upon information and belief, the Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that patents do not have indefinite duration and that they expire.

14. Upon information and belief, the Defendant has recently asserted United States Patent Number 5,100,506 against others in the United States District Court, Eastern District of Arkansas, 4:09-cv-247, dismissed November 15, 2010, and is and has been aware of the pending expiration date of said patent on December 4, 2010. (Exhibit C).

15. The Defendant has marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) products offered for sale with the number of expired patent 5,100,506.

16. Because all monopoly and exclusionary rights in the expired patent 5,100,506 have terminated, the Defendant cannot have any reasonable belief that articles marked with said patent number after expiration of the patent have been or are entitled to any protection accorded by United States patent laws.

17. For the reasons set forth herein, and/or for other reasons which will be further evidenced in these proceedings, the Defendant has, upon information and belief, falsely marked articles with the intent to deceive one or more of, the public, competitors, potential competitors, purchasers, and potential purchasers, in violation of 35 U.S.C. §292.

18. As a direct and proximate result of Defendant's acts of false patent marking, Plaintiff has been and continues to be injured and has sustained actual and statutory damages.

19. As a direct and proximate result of Defendant's acts of false patent marking, the interests of the United States have been and continue to be injured and such interests have sustained and will continue to sustain actual and statutory damages.

20. Unless the Defendant ceases its false marking of goods, the United States will continue to suffer additional irreparable harm and impairment of its interests in furthering technological progress in the useful arts.

21. The Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The Court has the discretion to award the Plaintiff, and the Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

22. For the reasons set forth herein, and/or for additional or alternative reasons which shall be evidenced through these proceedings, each instance of marking (or causing to be marked) a product with the number of an expired patent by the Defendants (directly or on the packaging thereof), and each instance of advertising unpatented

articles as "patented", constitutes an "offense" for the purposes and remedies of 35 U.S.C. §292.

23. Plaintiff demands a jury for all issues so triable.

## VI.   PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. A judgment that the Defendant has violated the provisions of 35 U.S.C. §292, as alleged herein;

B. A judgment and order requiring the Defendant to pay to the Plaintiff, and to the United States Treasury, to share equally pursuant to statue, a civil monetary fine of FIVE HUNDRED DOLLARS ($500) per false marking offense.

C. A judgment and order requiring the Defendant to pay Plaintiff, and the United States, pre-judgment and post-judgment interest on the damages awarded;

D. A judgment and order finding this to be a case in which the equities and circumstances requiring the Defendant to pay to the Plaintiff, in addition to the civil monetary fine shared between the Plaintiff and the United States, the costs of this action (including all disbursements) and attorneys' fees incurred by the Plaintiff.

E. A judgment and order that the Defendant, its agents employees, representatives, successors, and assigns, and those acting in privity or in concert with them, be permanently enjoined from further false marking as evidenced herein; and

F. Such other and further relief as the Court deems just and equitable.

Dated: December 8, 2010      Respectfully submitted,

            By: s/Michael T. Konczal
              MICHAEL T. KONCZAL
              Texas State Bar No. 24067958

              KONCZAL LAW FIRM PLLC
              P.O. Box 863656
              Plano, Texas 75093

              214-228-3641

              mike@patentmike.com

              Attorney for Plaintiff (Relator)
              IP FORENSICS, LLC