EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

GRACE MANUFACTURING, INC.                               PLAINTIFF

v.                  No. 4:09CV00247DPM

WALGREEN CO. and REVLON, INC.                       DEFENDANTS

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the parties to this action, as evidenced by the signatures of their attorneys, hereby stipulate to the dismissal, with prejudice, of this action, with each party bearing its own costs and attorneys' fees.

SO STIPULATED:

    */s/ Dennis B. Haase*
Dennis B. Haase, Esq.
835 Central Avenue Suite 434
Hot Springs, Arkansas 71902

*Attorney for plaintiff*

QUATTLEBAUM, GROOMS,
   TULL & BURROW PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
(501) 379-1700
FAX (501) 379-1701


By:  */s/ Charles L. Schlumberger*
    Charles L. Schlumberger (79253)

*Attorneys for defendant*

EXHIBIT C
(continued)

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION

FILED
APR 02 2009
JAMES W. McCORMACK
EASTERN DISTRICT ARKANSAS
By: _____ CLERK
DEP____

GRACE MANUFACTURING, INC., an
Arkansas corporation,

                  PLAINTIFF

v.

                  Case No. 4:09CV00247 SWW

WALGREEN CO., An Illinois corporation
and REVLON, INC., A New York
corporation,

This case assigned to District Judge _____
and to Magistrate Judge _____

                  DEFENDANTS

## COMPLAINT
### (JURY DEMANDED)

NOW COMES GRACE MANUFACTURING INC. (GRACE), and for its Complaint against the Defendants, and each of them, states the following:

### JURISDICTION AND VENUE

1. This matter is before the Court on the Complaint of Plaintiff for patent infringement of, inter alia, 35 U.S.C. 271 (a), (b) and (g), and jurisdiction is found under 28 U.S.C. 1338. Venue is appropriate under 28 U.S.C. 1400 in this Court by virtue of the fact that Defendant, Walgreen Co., (Walgreen) has been, and continuing today, is soliciting business in the jurisdiction through its offer for sale and sale, in its Arkansas retail outlets, of infringing products as hereinafter set forth in greater detail.

Case 4:10-cv-00672-RAS-DDB Document 1-3 Filed 12/08/10 Page 3 of 8
Case 4:09-cv-00247-DPM Document 1 Filed 04/02/09 Page 2 of 7

EXHIBIT C
(continued)

2. Specifically, Revlon, Inc. manufacturers, or has manufactured for it, a package product under the name and style Pedi-EXPERT, containing a personal grooming device, usable for the removing of callouses and other rough and hardened skin on body extremities, such as feet. Upon information and belief, Revlon has established a distribution and sales program which, inter alia, establishes sales outlets targeting Arkansas, in concert with Walgreen, as their retail outlet for the aforesaid Pedi-EXPERT product. As a consequence, Walgreen has become the agent for Revlon in Arkansas, and Revlon has designated Walgreen as the place to "Buy It Now" on their website exploiting the Pedi-EXPERT pedicure kit.

3. Jurisdiction may also be found under 28 U.S.C. 1332(a), and the jurisdictional amount exceeds $75,000.00.

## THE PATENT IN SUIT

4. The patent in suit is United States Letters Patent 5,100,506, ('506 patent) Sturtevant, et al., issued March 31, 1992, upon an application filed on December 4, 1990.

5. GRACE is the assignee of all right, title and interest in and to United States Letters Patent 5,100,506. The patent is valid and subsisting, all maintenance fees having been fully and timely paid.

EXHIBIT C
(continued)

## THE PARTIES

6. Plaintiff, GRACE, is a corporation, organized and existing under and by virtue of the laws of the State of Arkansas, and having a principal place of business in the City of Russellville, County of Pope, State of Arkansas.

7. Plaintiff is informed and believes, and upon that basis alleges, that Defendant Walgreen Co. is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business in Deerfield, Illinois, and with retail outlets throughout the United States of America, one such outlet being in Russellville, Arkansas, in the County of Pope.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant Revlon, Inc. is a corporation, organized and existing under and by virtue of the laws of the State of Delaware, having a principal place of business in the City of New York, State of New York.

## FACTS GERMANE TO THE SEVERAL COUNTS

9. Plaintiff is the maker and seller of a personal grooming device which it manufactures, solicits and sells under the name and style of MICROPLANE®, an established, nationally registered trademark.

10. Defendant Revlon, upon information and belief, manufactures, or has manufactured for it, a personal grooming device which is sold under the name and style "Pedi-EXPERT". Upon information and belief, Revlon has

EXHIBIT C
(continued)

established a distribution and sales program which, inter alia, establishes sales outlets targeting Arkansas, in concert with Walgreen, as their retail outlet for the aforesaid Pedi-EXPERT product. As a consequence, Walgreen has become the agent for Revlon in Arkansas, and Revlon has designated Walgreen as the place to "Buy It Now" on their website exploiting the Pedi-EXPERT pedicure kit. In furtherance of the aforesaid arrangement, Revlon sells the product to Walgreen for resale in Arkansas, and Walgreen offers for sale, and sells, Pedi-EXPERTS at retail to the public, and such sales have occurred within the jurisdiction of this Court.

11. Plaintiff has purchased a Pedi-EXPERT at a Walgreen retail outlet in Russellville, Arkansas.

12. An essential and dominant feature of this product, and central to its success, is a stainless steel blade. The blade has an array of teeth formed thereon, those teeth being formed by a chemical etching process.

13. Plaintiff caused tests by an independent laboratory to be run on the blade portion of the offending device. Such tests revealed that the blade portion was formed by a chemical etching process. The tests further revealed that the etching process employed is essentially a single sided etch.

EXHIBIT C
(continued)

## OFFENSES COMPLAINED OF

### COUNT I

### PATENT INFRINGEMENT

14. Defendants, and each of them, in violation of 35 U.S.C. 271(a) make, use or sell, and offer for sale, products having a chemically etched array of teeth upon which a sharpened edge has been formed. Plaintiff is informed and believes and, upon that basis alleges, that the making and selling by Defendants of that product, in addition to the process for making the same, violates one or more claims of United States Letters Patent 5,100,506. Defendant Revlon makes, or has made for it, blades imbedded in the Pedi-EXPERT device which infringes the '506 patent, which it is believed Revlon sells to Defendant Walgreen and others.

### COUNT II

### *CONTRIBUTORY INFRINGEMENT*

15. Plaintiff has informed Defendant Revlon of its patent rights and its belief that the device in question is an infringement of those rights. Thus, it is clear that Defendant is on notice of Plaintiff's claim.

16. In direct and conscious violation of 35 U.S.C. 271(b), Plaintiff is informed and believes, and on that basis alleges, that Defendant Revlon offered and induced Defendant Walgreen, and others, to purchase their Pedi-EXPERT

Case 4:10-cv-00672-RAS-DDB Document 1-3 Filed 12/08/10 Page 7 of 8
Case 4:09-cv-00247-DPM Document 1 Filed 04/02/09 Page 6 of 7

EXHIBIT C
(continued)

line of products, which line, upon information and belief, infringes upon United States Letters Patent 5,100,506.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays for relief as follows:

A. A temporary restraining order and permanent injunction under 35 U.S.C. 283, restraining Defendants, and each of them, against further sales of the Pedi-EXPERT device;

B. For damages in an amount according to proof under 35 U.S.C. 284;

C. A declaration that this case is exceptional, as that term is understood under 35 U.S.C. 285, and for damages, including attorneys' fees, according to proof; and,

**EXHIBIT C (continued)**

      D. For such other and further relief as the Court may deem just and proper.

Dated: March 30, 2009

LAW OFFICES OF DENNIS B. HAASE

By_____
Dennis B. Haase, ABA No. 97009

835 Central Avenue, Suite 424
Post Office Box 6206
Hot Springs, Arkansas 71902
(501) 609-0404
Fax: (501) 609-0406

Attorney for Plaintiff Grace
    Manufacturing Inc.